# EXHIBIT A

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services



10-20366

ALICIA M. PETTETT, INDIVIDUALLY AND
SHAWN PETTETT, HER HUSBAND

PLAINTIFF(S),

VS.

AUTO-OWNERS INSURANCE COMPANY

DEFENDANT(S).

CASE #:    502010CA006668 XXXX MB
COURT:    CIRCUIT COURT
COUNTY: PALM BEACH
DFS-SOP#: 10-20366

_____/

SUMMONS, PLAINTIFF'S MOTION TO PRESERVE EVIDENCE, RESTRICT REMOVAL OF PAGES
FROM CLAIMS AND FROM LEGAL FILES, AND PROHIBIT DESTRUCTION OR ALTERATION
WHATSOEVER OF ANY CLAIMS RELATING TO THE PRESENT LITIGATION, COMPLAINT,
EXHIBITS

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer
of the State of Florida. Said process was received in my office by MAIL on the 2nd day of April,
2010 and a copy was forwarded by Electronic Delivery on the 7th day of April, 2010 to the
designated agent for the named entity as shown below.

AUTO-OWNERS INSURANCE COMPANY
STUART R BIRN   (birn.stuart@aoins.com)
P O BOX 30660
LANSING MI 48909

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JEFFREY M. LIGGIO
SUITE 3-B
1615 FORUM PLACE
WEST PALM BEACH FL 33401

CYA

APR 0 9 2010

Division of Legal Services - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544

## CIVIL ACTION SUMMONS

### IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502010CA006668XXXXMB

ALICIA M. PETTETT, individually and
SHAWN PETTETT, her husband,

    Plaintiffs,

vs.

AUTO-OWNERS INSURANCE
COMPANY, a corporation,

    Defendant.

_____/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs/Process Servers of said State:

YOU ARE COMMANDED to serve this summons and a copy of Complaint in this action on the Defendant,

*And Plffs' Motion To Preserve Evidence, Restrict Removal of Pages From Claims and Pam Legal Files And Prohibit Destruction or Alteration whatsoever of Any claims Relating to The Present Litigation.*

AUTO-OWNERS INSURANCE COMPANY
c/o Chief Financial Officer
Service of Process Section
200 East Gaines Street
Tallahassee, FL 32399

Each Defendant is required to serve written defenses to the Complaint on

**Jeffrey M. Liggio, Esquire**

Plaintiffs' attorney, whose address is:

**The Barristers Bldg., Suite 3-B
1615 Forum Place
West Palm Beach, FL 33401
Telephone: (561) 616-3333**

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

within 20 days after service of this Summons on the Defendant, exclusive of the day of service, (response to Request to Produce is due within 45 days), and to file the original of the defenses with the **Clerk of the Circuit Court, Palm Beach County, <u>Circuit Court Division</u>, 205 North Dixie Highway, West Palm Beach, Florida 33401**, either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED: **MAR 23 2010**, 2010.

WITNESS my hand and seal of said Court
SHARON R. BOCK

As Deputy Clerk

BELVA HAMILTON

MAR 2 4 2010

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA.

CASE NO.:

**50 2010 CA 0 0 6 6 68 XXXX MB**

ALICIA M. PETTETT, individually and
SHAWN PETTETT, her husband,

      Plaintiffs,

vs.

AUTO-OWNERS INSURANCE
COMPANY, a corporation,

      Defendants.

_____/





## COMPLAINT

Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, by and through their undersigned counsel, hereby sue the Defendant, AUTO-OWNERS INSURANCE COMPANY, a Corporation, (hereinafter, "AUTO-OWNERS") and all facts being extant and material hereto, alleges:

### GENERAL ALLEGATIONS

1.    Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, are in all respects, sui juris.

2.    Defendant, AUTO-OWNERS, is an insurance carrier authorized to do and doing business in the State of Florida.

3.    This is a cause of action which arose from a motor vehicle collision which occurred in Polk County, Florida on or about June 24, 2005, caused by Dean Weatherholtz, driving a vehicle owned by, and with the consent and permission of his

*Pettett v. Auto Owners*
Case No:
*Complaint*
*Page 2 of 11*

mother, Theresa H. Alisi., causing his own death, and severely injuring ALICIA PETTETT.

4.      On the aforesaid date, Theresa H. Alisi, had, in full force and effect, a policy of motor vehicle insurance issued to her by the Defendant, AUTO-OWNERS, which provided $20,000.00 of bodily injury liability limits. (A copy of the declaratory page of such policy is attached hereto as Exhibit "A", the entire policy is being requested through discovery promulgated with this Complaint).

5.      The collision was promptly reported to AUTO-OWNERS.

6.      Defendant, AUTO-OWNERS, was fully apprised as to how serious the collision was, and how badly injured ALICIA PETTETT was as a result, yet AUTO OWNERS did not even attempt to contact ALICIA PETTETT until September 22, 2005, when an AUTO-OWNERS Field Claim Representative sent a letter to ALICIA PETTETT. (Exhibit "B").

7.      On or about the 21st of October 2005, Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, filed a lawsuit for the injuries that suffered in the aforesaid collision.

8.      AUTO OWNERS appointed defense counsel to represent Theresa Alisi, and on November 28, 2005, such counsel wrote to ALICIA and SHAWN PETTETT'S counsel, to offer to settle the PETTETT'S claims for the $20,000.00 AUTO-OWNERS policy limits. (Exhibit "C").

9.      Ultimately, on the 24th of January, 2006, AUTO-OWNERS tendered its

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 3 of 11*

$20,000.00 liability policy limits to ALICIA PETTETT and SHAWN PETTETT, in an attempt to settle their claim against Theresa Alisi, which was rejected.

10.    The lawsuit filed by ALICIA PETTETT and SHAWN PETTETT, her husband against Theresa Alisi, was tried before a Polk County jury in March, 2009, which resulted in a jury verdict on March 11, 2009, in favor of ALICIA PETTETT and SHAWN PETTETT, her husband, and against Theresa Alisi, for the total amount of $1,096,080.05.    Subsequently, a Final Judgment was entered in favor of ALICIA PETTETT and SHAWN PETTETT, her husband and against Theresa Alisi in the amount of $986,080.05.

11.    Theresa Alisi, now a judgment debtor, having been exposed to such an enormous judgment due to AUTO-OWNERS failure to protect her, and left to her own devices, assigned to ALICIA PETTETT and SHAWN PETTETT, her husband, all of her rights to proceed against the AUTO-OWNERS herein. (Exhibit "D").

12.    Plaintiffs ALICIA PETTETT and SHAWN PETTETT, her husband, as Assignees have been forced to retain the services of undersigned counsel in order to prosecute this action and are obligated to pay a reasonable attorney's fee on a contingent fee basis.

## COUNT I
## BAD FAITH

Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, reallege and reaffirm each and every allegation contained in paragraphs 1 though 12 of this

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 4 of 11*

Complaint as though fully alleged herein and further alleges:

13. Defendant, AUTO-OWNERS, owed, by operation of law, a fiduciary duty of good faith to Theresa Alisi, to handle every aspect of the adjustment and defense of the PETTETT claim fairly and honestly and with due regard for Theresa Alisi's interests.

14. This duty of good faith required:

(a) AUTO-OWNERS to be apprised of its duties under its own contract of insurance issued to Theresa Alisi, and its duties, both statutorily as well as under the common law of Florida, to investigate, and initiate settlement negotiations in good faith and in the best interests of its insured, even where those interests might be divergent from the interests of the insurance company;

(b) AUTO-OWNERS to settle the PETTETT claim against Theresa Alisi, for any amount up to the policy limits if it could do so, when, under all the circumstances of the case, a reasonably prudent person faced with the prospect of paying the entire claim would do so instead of delaying even contacting the Plaintiff, let alone tendering the liability policy limits, and exposing its insured, Theresa Alisi to an excess judgment against her;

(c) AUTO-OWNERS, knowing how severe the collision was, causing the death of Dean Weatherholtz, the liability of its insured, and the damages suffered by the Plaintiffs, having failed to promptly tender

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 5 of 11*

the $20,000 limits of coverage, to seek to settle the PETTETT lawsuit for some amount in excess of the policy limits in order to protect its insured from the ultimate $986,080.05 judgment.

(d)   AUTO-OWNERS to exercise reasonable diligence and a level of care commensurate with the undertaking, in every aspect of handling the PETTETT claim against its insured, Theresa Alisi.

(e)   AUTO-OWNERS throughout the entire time of the claim and litigation, to promptly evaluate its insured's exposure and to affirmatively initiate settlement negotiations.

(f)   AUTO-OWNERS to communicate with its insured, candidly and with complete integrity; and

(g)   AUTO-OWNERS to fully, honestly, and promptly advise Theresa Alisi concerning all settlement opportunities, the likelihood of a recovery in excess of the policy limits, of the steps that might be taken to avoid the same, and of any procedures which were available to lessen the financial impact of the PETTETT claim upon Theresa Alisi.

15.   AUTO-OWNERS breached this duty of good faith by:

(a)   Failing to handle the PETTETT claim against the insured fairly and honestly and with due regard for its interests;

(b)   Failing to affirmatively initiate settlement negotiations and

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 6 of 11*

determine and seek clarification of any demands, even after

evidence was available to indicate that the insured was exposed to

liability for damages in excess of their policy limits;

(c)    Failing to settle the PETTETT claim against its insured by payment

of any amount up to the policy limits when it could have and should

have done so had it acted fairly and honestly, and with due regard

for his interests;

(d)    Failing to conduct settlement negotiations in good faith to the

insured;

(e)    Failing to communicate to its insured with complete candor and

honesty;

(f)    Failing to timely advise the insured of the likelihood of an excess

verdict against it and of the steps the insured could take to avoid

same, or to lessen its financial impact upon it.

(g)    Failing to acknowledge coverage within a reasonable time after

learning of the loss, and to then communicate all settlement

opportunities to the insured within a reasonable time after they

were made and failing to adequately explain the significance of its

denial of coverage, and its decision not to then negotiate with Ms.

PETTETT;

(h)    Failing to adopt and follow proper claims handing procedures to be

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 7 of 11*

implemented in the defense of the PETTETT claim;

(i)     Negligently and carelessly adjusting and defending the PETTETT claim.

16.    As a result of these breaches by Defendant, AUTO-OWNERS, PETTETT'S claim did not settle within the policy limits; instead, the lawsuit that was filed based on the PETTETT claim resulted in the aforesaid judgment being entered against Theresa Alisi;

17.    Such judgment has become final and has been bearing interest since the date of the judgment was entered.

18.    Such judgment remains unpaid and AUTO-OWNERS has refused to pay any part of the excess.

WHEREFORE, Plaintiffs ALICIA PETTETT and SHAWN PETTETT, her husband, demand judgment against Defendant, AUTO-OWNERS INSURANCE COMPANY, a Corporation, in the amount of the judgment entered against Theresa Alisi, and other bad faith damages in excess of $15,000.00, plus interest, costs and attorneys fees, pursuant to F.S. §627.428 and demand a trial by jury on all issues.

## COUNT II
## BREACH OF CONTRACT

Plaintiffs ALICIA PETTETT and SHAWN PETTETT, her husband, hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 though 12 of this Complaint as though fully alleged herein and further alleges:

19.    The aforesaid acts or omissions of the Defendant, AUTO-OWNERS,

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 8 of 11*

constitutes a direct and ongoing breach of the contract of insurance.

20.     Such contract includes an obligation by Defendant, AUTO-OWNERS, to indemnify, and defend its insured from a judgment in excess of their policy limits, especially where such judgment occurs, in part due to acts and omissions of Defendant, AUTO-OWNERS.

21.     As a direct and proximate result of the breach of contract by the Defendant, AUTO-OWNERS, the Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, as Assignees, have sustained damages including, but not limited to:

The full amount of the excess judgment and accruing interest thereon;

WHEREFORE, Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, demand judgment against Defendant, AUTO-OWNERS INSURANCE COMPANY, a Corporation, for breach of contract damages, which are in excess of $15,000.00, plus costs, and attorney's fees pursuant to F.S. §627.428 and demand a trial by jury on all issues.

## COUNT III
## BREACH OF FIDUCIARY DUTY

Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 though 12 of this Complaint as though fully alleged herein and further alleges:

22.     The Defendant, AUTO-OWNERS, was acting in a fiduciary capacity for Theresa Alisi, to handle every aspect of the adjustment and defense of the PETTETT claim fairly and honestly and with due regard for Theresa Alisis's interests, and before

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 9 of 11*

AUTO-OWNERS own interests.

23.   As a fiduciary, AUTO-OWNERS had a duty to promptly investigate the loss and initiate settlement negotiations with ALICIA PETTETT and SHAWN PETTETT, her husband; a duty to both defend and indemnify Theresa Alisi; and to make full and fair disclosure to Theresa Alisi regarding the claims ALICIA PETTETT and SHAWN PETTETT, her husband had made against her, including the extent of ALICIA PETTETT and SHAWN PETTETT, her husband's damages, in the defense of such claims.

24.   The Defendant, AUTO-OWNERS breached its fiduciary duty with regard to the claims ALICIA PETTETT and SHAWN PETTETT, her husband had made against Theresa Alisi and the defense of such claims by any of the following:

(a)   Failing to handle the PETTETT claim against the insured fairly and honestly and with due regard for her interests;

(b)   Failing to affirmatively initiate settlement negotiations and determine and seek clarification of any demands, even after evidence was available to indicate that the insured was exposed to liability for damages in excess of her policy limits;

(c)   Failing to settle the PETTETT claim against its insured by payment of any amount up to the policy limits when it could have and should have done so had it acted fairly and honestly, and with due regard for his interests;

(d)   Failing to conduct settlement negotiations in good faith to the

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 10 of 11*

insured;

(e)     Failing to communicate to its insured with complete candor and honesty;

(f)     Failing to timely advise the insured of the likelihood of an excess verdict against it and of the steps the insured could take to avoid same, or to lessen its financial impact upon it.

(g)     Failing communicate all settlement opportunities to the insured within a reasonable time after they were made and failing to adequately explain the significance of its decision not to then negotiate with ALICIA PETTETT and SHAWN PETTETT, her husband;

(h)     Failing to adopt and follow proper claims handing procedures to be implemented in the defense of the PETTETT claim;

(i)     Negligently and carelessly adjusting and defending the PETTETT claim.

25.     As a direct and proximate result of the Defendant, AUTO-OWNERS' Breach of Fiduciary Duty, the Plaintiffs, ALICIA PETTETT and SHAWN PETTETT, her husband, sustained damages including, but not limited to:

The full amount of the excess judgment and accruing interest thereon;

WHEREFORE, Plaintiffs ALICIA PETTETT and SHAWN PETTETT, her husband, demand judgment against Defendant, AUTO-OWNERS INSURANCE

*Pettett v. Auto Owners*
*Case No:*
*Complaint*
*Page 11 of 11*

COMPANY, a Corporation, in the amount of the judgment entered against Theresa Alisi,

and other bad faith damages in excess of $15,000.00, plus interest, costs and attorneys

fees, pursuant to F.S. §627.428 and demand a trial by jury on all issues.

Respectfully submitted,

February 23, 2010

> LIGGIO BENRUBI
> The Barristers Building, Suite 3B
> 1615 Forum Place
> West Palm Beach, FL 33401
> Telephone:    (561) 616-3333
> Facsimile:    (561) 616-3266
> Email:         jliggio@liggiolaw.com
>
> BY: _____
>        JEFFREY M. LIGGIO, ESQ.
>        Florida Bar No.: 357741



*Auto-Owners*                    Page 1                    59020 (10-80)
                                                           Issued 12-15 2004

INSURANCE COMPANY                          AUTOMOBILE POLICY DECLARATIONS
6101 ANACAPRI BLVD., LANSING, MI 48917-3999
                                              Renewal Effective 01-23-2005
AGENCY  MULLING INSURANCE AGENCY INC
   12-0133-00        MKT TERR 052    (863) 967-4454    POLICY NUMBER    44-576-753-00

INSURED  CHRIS G & TERESA J ALISI              Company Use        20-01-FL-C307

ADDRESS 5345 SHEPARD LN            Company Bill | POLICY TERM |
                                                | 12:01 a.m.        12:01 a.m. |
   POLK CITY  FL  33868-9430                    |           to                 |
                                                | 01-23-2005    07-23-2005 |

In consideration of payment of the premium shown below, this policy is renewed.  Please attach this
Declarations and attachments to your policy.  If you have any questions, please consult with your agent.

| DESCRIPTION OF ITEM INSURED | SYMBOL/COST | TERRITORY | CLASS/PG |
|---|---|---|---|
| Accidental Death Benefit Endorsement | | 010 Polk County, FL | |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| ACCIDENTAL DEATH BENEFIT $30,000 PER ELIGIBLE PERSON | | Included |
| | TOTAL | INCLUDED |

130

| | | | |
|---|---|---|---|
| 1. 2003 CHEV IMPALA VIN: 2G1WF52EX39115562 | 11-60-2 | 010 Polk County, FL | 022 |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Bodily Injury | $  10,000 person/$  20,000 occurrence | $85.50 |
| Property Damage | $  25,000 occurrence | 80.15 |
| Uninsured Motorist | $  10,000 person/$  20,000 occurrence | 27.50 |
| Medical Payments | $   2,000 person | 12.00 |
| Personal Injury Protection | $  10,000 | 53.00 |
| Comprehensive | Actual Cash Value - $ 250 deductible | 40.50 |
| Collision | Actual Cash Value - $ 250 deductible | 159.50 |
| | TOTAL | $458.15 |

Interested Parties:  See Attached Schedule

Additional Forms For This Item:    79255  (12-01)    79308  (01-01)    79402  (07-94)
79536  (07-94)    79299  (03-99)    79939  (05-02)

PREMIUM BASIS:  Automobile driven to work or school 15 miles or more by a 51 year old operator.
5% Anti-theft device credit has been applied to the Fire and Theft or Comp coverage premium
5% ABS Discount applies to BI, PD, Coll, and PIP premiums.
Multi-Car Discount applies.
30% Air Bag Discount applies to PIP and/or MP premiums.

130



EXHIBIT____"A"

Page 2

AUTO-OWNERS INS. CO.

19020 (10-60)
Issued 12-15-2004

AGENCY MULLING INSURANCE AGENCY INC
12-0133-00    MKT TERR 652

Company **POLICY NUMBER**    44-576-753-00
Bill    Company Use    20-01-FL-0367

ASSURED CHRIS G & TERESA J ALISI

Term 01-23 2005 to 07-23-2005

| 2.  1993 DODG RAM PICKUP 150 |  | 10-26-4    010    005 |
| VIN: 1B7HM16X1PS161795 |  | Polk County, FL |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Bodily Injury | $  10,000 person/$  20,000 occurrence | $70.50 |
| Property Damage | $  25,000 occurrence | 65.15 |
| Uninsured Motorist | $  10,000 person/$  20,000 occurrence | 27.50 |
| Medical Payments | $   2,000 person | 18.00 |
| Personal Injury |  |  |
|    Protection | $  10,000 | 62.00 |
|  | TOTAL | $243.15 |

Interested Parties:   None

Additional Forms For This Item:    79255   (12-01)    79308   (01-01)    79402   (07-94)

PREMIUM BASIS:  Automobile driven for pleasure use by a 70 year old operator.
5% ABS Discount applies to BI, PD, Coll and PIP premiums.
Multi-Car Discount applies.

130

| 3.  1991 NISS PICKUP |  | 10-76-0    010    109 |
| VIN: 1N6SD16SOMC345624 |  | Polk County, FL |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Bodily Injury | $  10,000 person/$  20,000 occurrence | $442.50 |
| Property Damage | $  25,000 occurrence | 425.15 |
| Uninsured Motorist | $  10,000 person/$  20,000 occurrence | 29.50 |
| Medical Payments | $   2,000 person | 30.00 |
| Personal Injury |  |  |
|    Protection | $  10,000 | 401.00 |
|  | TOTAL | $1,328.15 |

Interested Parties:   None

Additional Forms For This Item:    79255   (12-01)    79308   (01-01)    79402   (07-94)

PREMIUM BASIS:  Automobile driven to work or school 3 miles or less by a 19 year old unmarried male -
principal operator.
Multi-Car Discount applies.

060

 *Auto-Owners* Page 3

19020 (10-80)
Issued 12-15-2004

INSURANCE COMPANY
6161 ANACAPRI BLVD., LANSING, MI 48917-3989

AUTOMOBILE POLICY DECLARATIONS

Renewal Effective 01-23-2005

AGENCY MULLING INSURANCE AGENCY INC
12-0133-00      MKT TERR 052*      (863) 967-4454

POLICY NUMBER      44-576-753-00

INSURED CHRIS G & TERESA J ALISI

Company Use      20-01-FL-0307

ADDRESS 5345 SHEPARD LN

POLK CITY  FL  33868-9430

| Company Bill | POLICY TERM | |
|---|---|---|
| | 12:01 a.m. | 12:01 a.m. to |
| | 01-23-2005 | 07-23-2005 |

In consideration of payment of the premium shown below, this policy is renewed. Please attach this Declarations and attachments to your policy. If you have any questions, please consult with your agent.

| DESCRIPTION OF ITEM INSURED | SYMBOL/COST | TERRITORY | CLASS/PG |
|---|---|---|---|
| 4. 1989 FORD F150 VIN: 1FTDF15Y3KNB43521 | 10-06-6 | 010 Polk County, FL | 005 |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Bodily Injury | $ 10,000 person/$ 20,000 occurrence | $73.50 |
| Property Damage | $ 25,000 occurrence | 68.15 |
| Uninsured Motorist | $ 10,000 person/$ 20,000 occurrence | 27.50 |
| Medical Payments | $ 2,000 person | 18.00 |
| Personal Injury Protection | $ 10,000 | 65.00 |
| | TOTAL | $252.15 |

Interested Parties:   None

Additional Forms For This Item:   79255  (12-01)   79308  (01-01)   79402  (07-94)

PREMIUM BASIS: Automobile driven for pleasure use by a 70 year old operator.
Multi-Car Discount applies.

130

| TOTAL POLICY PREMIUM | TERM $2,281.60 |
|---|---|

Forms That Apply To All Items:   79001  (03-99)   79200  (06-92)   79203  (06-92)
79550  (06-92)   79706  (03-98)   79809  (06-97)   79968  (05-03)   79480  (05-03)

You have elected Non-stacked Uninsured Motorist Coverage.
Policy Rate Code 0006
Insurance Score is Basic.

AUTO-OWNERS INS. CO.

Page 4

19020 (10-80)
Issued 12-15-2004

ASENCY MULLING INSURANCE AGENCY INC
12-0133-00     MKT TERR 052

Company **POLICY NUMBER**     44-576-753-00
Bill     Company Use     20-01-FL-0307

INSURED CHRIS G & TERESA J ALISI

Term 01-23-2005 to 07-23-2005

**SCHEDULE OF INTERESTED PARTIES**

Applies to item(s):     0001

TRIAD FINANCIAL CORP
PO BOX 3299
HUNTINGTON BEACH   CA   92605-3299
Interest:   Lienholder

SIP ID:   ZZ999999

 

Agency Code   12-0133-00

Policy Number   44-576-753-00

## OPTION TO REJECT OR MODIFY COVERAGES

1938 (12-03)

For Personal Injury Protection insurance, the named insured may elect a deductible and to exclude coverage for loss of gross income and loss of earning capacity ("lost wages"). These elections apply to the named insured alone, or to the named insured and all dependent resident relatives. A premium reduction will result from these elections. The named insured is hereby advised not to elect the lost wage exclusion if the named insured or dependent resident relatives are employed, since lost wages will not be payable in the event of an accident.

Please review carefully and select one of the following options:

Section I.

☐   I (We) wish to reject all liability coverages available under this policy except Property Damage Liability and Personal Injury Protection.   I (We) understand that no coverage will apply for Bodily Injury Liability coverage.

_____                    _____
Signature                                                           Date

Section II.

Standard Personal Injury Protection Benefits
Total Aggregate Limit:   $10,000 per person
$5,000 Death Benefit
80% all reasonable expenses
60% loss of gross income

☐   Select deductible of ☐ $250 ☐ $500 ☐ $1000 to apply to Personal Injury Protection benefits for:

☐ Named Insured Only
☐ Named Insured and All Dependent Resident Relatives

☐   Exclude loss of gross income and loss of earning capacity ("lost wages"):

☐ Named Insured Only
☐ Named Insured and All Dependent Resident Relatives

_____                    _____
Signature                                                           Date

Section III.

Extended Personal Injury Protection Benefits
Total Aggregate Limit:   $10,000 per person
$5,000 Death Benefit
100% all reasonable expenses
80% loss of gross income

☐   Select Extended Personal Injury Protection coverage.  No deductible options are available.

☐   Exclude loss of gross income and loss of earning capacity ("lost wages").  Excluded "lost wages" must apply to named insured and all dependent resident relatives.

_____                    _____
Signature                                                           Date

44-576-753-00
Policy Number

MULLING INSURANCE AGENCY INC                    12-0133-00
                Agency                                        Code Number

Agency Code   12-0133-00                                              Policy Number   44-576-753-00

## AN EXPLANATION OF YOUR OPTIONS
## FOR UNINSURED MOTORISTS COVERAGE

19021 (11-03) Florida

Dear Policyholder:

We are required by Florida law to notify you of all options available to you regarding Uninsured Motorist coverage. They are:

1.  You are entitled to Uninsured Motorist coverage in an amount equal to your limits for Bodily Injury Liability coverage.
2.  You may select Uninsured Motorist limits as low as $10,000 each person, $20,000 each accident, if your Bodily Injury limits are higher than that.
3.  You may entirely reject Uninsured Motorist coverage.

**If you wish to revise the coverage you presently have, you must complete and sign form 19021A below and return it to your agent.**

## OPTION TO REJECT OR MODIFY UNINSURED MOTORIST COVERAGE

**YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORIST COVERAGE LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM.* PLEASE READ CAREFULLY.**

To reject uninsured motorist coverage or decrease the limits of your uninsured motorist coverage fill in items 1 or 2 and sign this form.  To add uninsured motorists coverage or increase the limits of your uninsured motorist coverage fill in items 3 or 4 and sign this form.

*Uninsured Motorist Coverage provides coverage for insured persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death which results from any of these. For the purpose of this coverage, an uninsured motor vehicle may include a motor vehicle as to which the bodily injury limits are less than your damages.*

If you wish to revise the coverage you presently have, you must complete and sign this form and return it to your agent.

1.  _____ I wish to reject Uninsured Motorist Coverage.
2.  _____ I wish to reduce my limits for Uninsured Motorist Coverage to:
    _____per person.            _____per occurrence.

* This statement does not apply for the following items 3. and 4. If Uninsured Motorist limits equal to Bodily Injury Liability limits are selected.

3.  _____ I wish to increase my limit for Uninsured Motorist Coverage to:
    _____per person.            _____per occurrence.
    (any amount up to your Bodily Injury Liability Limits)
4   _____ I wish to add Uninsured Motorist Coverage in limits of:
    _____per person.            _____per occurrence.
    (any amount up to your Bodily Injury Liability Limits)

If you have have any questions regarding this coverage or the limits that are available, please contact your agent.

Signed: _____   Date: _____   Policy No. -   44-576-753-00

19021A (11-03) Florida

 

Agency Code  12-0133-00                                            . olicy Number  44-576-753-00

## ELECTION OF NON-STACKED COVERAGE
### Do not complete if you have rejected Uninsured Motorist

You have the option to purchase, at a reduced rate, non-stacked (limited) type of Uninsured Motorist coverage. Under this form if injury occurs in a vehicle owned or leased by you or any family member who resides with you, this policy will apply only to the extent of coverage (if any) which applies to that vehicle in this policy. If injury occurs while occupying someone else's vehicle, or as a pedestrian, you are entitled to select the highest limits of uninsured motorist coverage available on any one vehicle for which you are a named insured, insured family member or insured resident of the named insured's household.

If you do not elect to purchase the non-stacked form, your policy limit(s) for each motor vehicle are added together (stacked) for all covered injuries. Thus, your policy limits would automatically change during the policy term if you increase or decrease the number of autos covered under the policy.

☐ I hereby elect the non-stacked form of Uninsured Motorist coverage

I understand and agree that the selection of any of the above options applies to my liability insurance policy and future renewals or replacements of such policy which are issued at the same Bodily Injury Liability limits. If I decide to select another option at some future time, I must let the Company or my agent know in writing.

Signed: _____  Date: _____  Policy No. -  44-576-753-00
                  (Named Insured)
16021B (11-03) Florida

 

Agency Code 12-0133-0L

Policy Number 44-576-753-0C

## INSURANCE SCORE INFORMATION

5333P 15-02:

Your policy has been assigned an insurance score based on the principal credit characteristics shown below:

**REASON(S):**

(-) Presence of collection account.

(-) Unfavorable number of accounts currently paid as agreed.

(-) Accounts currently or in the past delinquent.

(-) Proportion of revolving balances to revolving credit limits is unfavorable or there are no revolving accounts.

The insurance score that is being applied to your policy is based on information contained in your consumer credit file obtained from:

Equifax Credit Information Services
P.O. Box 740241
Atlanta, GA 30374
(800) 216-1102

Equifax was not responsible for the assignment of your insurance score and is unable to provide you with specific reason(s) as to why this determination was made. You have the right to dispute with Equifax, the accuracy or completeness of any information in your consumer report.

# *Auto-Owners*

INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

AGENCY   MULLING INSURANCE AGENCY INC
   12-0133-00        MKT TERR 052     (863) 967-4454

INSURED  CHRIS G & TERESA J ALISI

ADDRESS  5345 SHEPARD LN

         POLK CITY   FL   33868-9430

Issued 07-15-2005

**AUTOMOBILE POLICY DECLARATIONS**

Endorsement Effective 06-25-2005

POLICY NUMBER        44-576-753-00

Company Use          20-01-FL-0307

Company  **POLICY TERM**
Bill     | 12:01 a.m.   12:01 a.m.
         |            to
         | 01-23-2005   07-23-2005

---

## FOR COMPANY/AGENCY USE ONLY

Premium/Commission Recap:
         $3.72 @ 13.0%      $205.67 @ 8.0%

Billing Type              Company Bill - EZ PAY MONTHLY

Billing Account Number    006820575

Insured Copy Mailed To    Insured

Trailback Date            12-15-2004
   Trax Number            09377        AGENT KEYED ENTRY

Customer ID               ALISCH1C-1

Ins Score Conf Number     03171427

Reinsurance Dec Copy      No

Messages:
AGENCY RECEIVING DOWNLOAD. AGENCY COPY OF DECLARATIONS NOT PRINTED.



AGENCY 12-0133-00     POLICY 44-576-753-00

I3563 (8-05)

MULLING INSURANCE AGENCY INC
PO BOX 306
AUBURNDALE  FL  33823

07-15-2005



Life  Home  Car  Business

P.O. BOX 30660, LANSING, MICHIGAN 48909-8160  &  517-323-1200
AUTO-OWNERS INSURANCE COMPANY
AUTO-OWNERS LIFE INSURANCE COMPANY
HOME-OWNERS INSURANCE COMPANY
OWNERS INSURANCE COMPANY
PROPERTY-OWNERS INSURANCE COMPANY
SOUTHERN-OWNERS INSURANCE COMPANY

CHRIS G & TERESA J ALISI
5345 SHEPARD LN
POLK CITY  FL  33868-9430

* * * * * * THIS IS NOT A BILL. * * * * * *
IF ADDITIONAL PREMIUM IS OWED, A BILL WILL BE MAILED SEPARATELY.  PLEASE
PAY ANY UNPAID BILLS.

AN IMPORTANT MESSAGE FOR YOU (CONTINUES ON REVERSE SIDE)

Thank you for selecting Auto-Owners Insurance Group to serve your insurance needs! Your policy comes with an
agent. Feel free to contact your independent Auto-Owners agent with questions you may have about your insurance
needs. Your agency's phone number is (863) 967-4454.

Enclosed is your policy Declarations. Please review your policy carefully to be sure that the policy accurately shows
the coverages you have selected and contact your agent if you need to update your coverages.

Please take this opportunity to review your insurance needs with your Auto-Owners agent. Auto-Owners and its af-
filiate companies offer a variety of programs. Each program has its own eligibility requirements, coverages and
rates. You should discuss with your agent which company and program are most appropriate for your insurance
needs.

Auto-Owners Insurance Group wants to write all of your eligible insurance coverages, and we are pleased to offer
generous Multi-Policy Discounts when you place your automobile, home, life insurance, annuities, disability income
or long term care insurance with us.

Auto-Owners Insurance Company was formed in 1916 and now the Auto-Owners Insurance Group comprises five property and casualty companies and a life insurance company. Auto-Owners Insurance Group property and casualty companies enjoy the highest possible ratings assigned by nationally recognized rating authorities.

*Auto-Owners.*

Issued 07-15-2005

INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

Endorsement Effective 06-25-2005

AGENCY MULLING INSURANCE AGENCY INC
12-0133-00     MAT TERR 052     (863) 967-4454

POLICY NUMBER     44-576-753-00

INSURED CHRIS G & TERESA J ALISI

Company Use     20-01-FL-0307

ADDRESS 5345 SHEPARD LN

POLK CITY  FL  33868-9430

| Company Bill | POLICY TERM | |
|---|---|---|
| | 12:01 a.m. | 12:01 a.m |
| | to | |
| | 01-23-2005 | 07-23-2005 |

---

AUTOMOBILE POLICY
DESCRIPTION OF CHANGES EFFECTIVE 06-25-2005
(See Declarations Attached)

CHANGED     ITEM 0001: 2003 CHEV IMPALA
            MILEAGE DRIVEN CHANGED

CHANGED     ITEM 0003: 1991 NISS PICKUP
            RATED DRIVER HAS CHANGED
            FROM DEAN WEATHERHOLTZ TO TERESA ALISI
            DRIVER RATING CHANGED
            DRIVER RATING CHANGED
            VEHICLE USE CHANGED

DELETED     ITEM 0004: 1989 FORD F150

| | TERM | ALL ITEMS |
|---|---|---|
| TOTAL POLICY PREMIUM | $977.45 | $202.15-Return |

AUTO-OWNERS INSURANCE COMPANY
AUTO-OWNERS LIFE INSURANCE COMPANY
HOME-OWNERS INSURANCE COMPANY
OWNERS INSURANCE COMPANY
PROPERTY-OWNERS INSURANCE COMPANY
SOUTHERN-OWNERS INSURANCE COMPANY



*Auto-Owners Insurance*

Life Home Car Business

*The No Problem People®*

P O BOX 24700
LAKELAND, FL 33802
PHONE 863-687-3587
FAX 863-687-0371

September 22, 2005

Alicia Pettett
3835 Big Bend Trail
Polk City, FL 33868

RE:     CLAIM #:        21-2434-05
        INSD:           Chris and Teresa Alisi
        DOL:            6/24/05

Dear Ms. Pettett:

Auto-Owners Insurance Company insures Chris and Teresa Alisi under a personal automobile
policy, number 4457675300, with effective dates 7/23/05 through 1/23/06.

At this time I have just received a copy of the Florida Highway Patrol report filed for this
accident involving yourself and our insured driver Dean Weatherholz on June 24, 2005. Before
receiving this report today, I did not have any of your contact information. Please contact me at
1-800-527-8299 x285 so that we may discuss this accident in further detail. Thank you for your
cooperation and assistance.

Sincerely,

Stacey Keprios, Field Claim Representative
LAKELAND BRANCH CLAIMS

*~ Serving Our Policyholders and Agents for More Than 85 Years ~*

EXHIBIT ___"B"___

# GRAY|ROBINSON
### ATTORNEYS AT LAW

ONE LAKE MORTON DRIVE (33801)
POST OFFICE BOX 3
LAKELAND, FL 33802-0003
TEL 863-284-2200
FAX 863-688-0310
gray-robinson.com

*CLERMONT*
*JACKSONVILLE*
*KEY WEST*
*LAKELAND*
*MELBOURNE*
*NAPLES*
*ORLANDO*
*TALLAHASSEE*
*TAMPA*

Hank B. Campbell
Attorney At Law
863-284-2264
HCAMPBELL@GRAY-ROBINSON.COM

November 28, 2005

Robert S. Pinkiert, Esq.
Neufeld, Kleinberg & Pinkiert, P.A.
2641 207th Street
Aventura, FL 33180

Re:   Pettett v. Weatherholtz, et al.
      Case No. 53-2005CA-004047-0000-00
      Claim No. 21-2434-05
      D/L: June 24, 2005
      File No.: 4010002.821

Dear Mr. Pinkiert:

Enclosed is our Answer in the above-referenced cause. Consistent with the message I left for you today, the bodily injury coverage of my client with regard to this accident is $10,000/$20,000. Please advise what you need in order to accept on behalf of your clients our policy limits, which are hereby tendered. I will be glad to provide you with an Affidavit or sworn interrogatory answers as to our client's inability to respond to any type of excess judgment and the lack of any other insurance available for this accident. Should you need any additional information, please advise.

As you can see from the Answer and the lack of any enclosed discovery, it is our preference to conclude this matter as promptly as possible.

In appreciation of your attention to this matter, I remain

Sincerely yours,

Hank B. Campbell

Signed in his absence
to avoid delay in mailing.

HBC:jp

Enclosure

cc:   Ms. Stacey Keprios, w/encl.

# 240825 v1

EXHIBIT "C"

## SETTLEMENT AGREEMENT AND ASSIGNMENT

This Agreement entered into by and between the Plaintiffs, Alicia Pettett, and Shawn Pettett, her husband, and the Defendant, Teresa H. Alisi, is as follows:

**WHEREAS**, the Parties hereto are currently involved in litigation in Polk County, Florida, in the case styled <u>Pettett v. Alisi.</u>, Case Number 53-2005CA-004047-0000-00, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. and

**WHEREAS**, on June 24th 2005, the Plaintiff, Alicia Pettett, suffered injuries as a result of an auto collision. The above styled lawsuit involved negligence of Dean L. Weatherholtz of a motor vehicle owned and operated with the permission and consent of the Defendant, Teresa H. Alisi. and

**WHEREAS**, on March 11, 2009 the Jury in the above cited case rendered a verdict in favor of the Plaintiffs, Alicia Pettett, and Shawn Pettett, her husband, and against the Defendant, Teresa H. Alisi. and

**WHEREAS**, on July 10, 2009, the Court entered a Final Judgment (Ex. "A") in favor of the Plaintiffs, Alicia Pettett, and Shawn Pettett, her



EXHIBIT_____ "D"

husband, for \$946,080.05, and \$40,000, respectively, against the Defendant, Teresa H. Alisi. and

**WHEREAS** the Parties hereto are desirous of resolving their differences by way of settlement and compromise and further to provide reasonable compensation to the Plaintiffs, Alicia Pettett, and Shawn Pettett, her husband, and

**WHEREAS**, the Defendant, Teresa H. Alisi had procured automobile liability insurance with Auto-Owners Insurance Company (hereinafter Auto-Owners) policy number 4457675300 effective on the date of injury June 24, 2005 (hereinafter The Policy). and

**WHEREAS**, it is the opinion of the Plaintiffs and the Defendant, Teresa H. Alisi that The Policy was in full force and effect and provides coverage for this incident and is the primary insurance covering the Defendant for the damages sustained by the Plaintiffs, Alicia Pettett, and Shawn Pettett, her husband. and

**WHEREAS** the Defendant, upon receiving notice of the auto

collision, and of the Plaintiffs' claims, asked Auto-Owners to provide coverage and a defense to the lawsuit brought by Plaintiff. and

**WHEREAS**, Plaintiffs assert that Auto-Owners has, in dereliction of its duty to act in good faith toward its insured, the Defendant, Teresa H. Alisi, failed and or refused to act timely to investigate and settle the claims, and the Defendant, Teresa H. Alisi, has no knowledge, one way or the other, whether this is true, nor what was done, nor what was supposed to be done, and has no knowledge about any efforts to contact the Plaintiff's, whether it was done or not, and

**WHEREAS** the Defendant, Teresa H. Alisi, placed Auto Owners on notice of the accident right away, and has cooperated with Auto Owners at all times.

**WHEREAS**, Plaintiffs contend that on account of Auto-Owners' refusal and failure to act in good faith the Defendant, Teresa H. Alisi, was subject to enormous liability for damages claimed. In fact she is now a judgment debtor in the amounts of $946,080.05, and $40,000. and

**WHEREAS**, Defendant, Teresa H. Alisi, has assets of her own which are now subject to execution.

**NOW, THEREFORE**, the parties hereto stipulate and agree as follows:

1.     The parties agree that although the Judgment shall remain in existence and the Defendants shall remain liable on the Judgment, the Plaintiff will not execute or attempt to execute on the Defendants. Instead, the Plaintiff will immediately file a Bad Faith Complaint as assignee of Teresa H. Alisi against Auto-Owners and/or any of its agents, successors, subsidiaries, parent companies, employees or any other person or entity responsible. The Plaintiffs, as assignee (under ¶3, below) also assume the prosecution of the Bad Faith Complaint filed by Teresa H. Alisi against Auto-Owners.

2.     The Plaintiffs consent and agree that they will seek

satisfaction of the Judgment only from the Judgment/proceeds, which the Plaintiff may collect in such Bad Faith lawsuit.  If Plaintiff is unsuccessful in his attempts to collect this settlement from Auto-Owners and/or any of its agents, successors, subsidiaries, parent companies, employees or any other person or entity responsible, the Defendant shall be in no way obligated to pay this settlement/judgment.

3.    The Defendant, Teresa H. Alisi, does hereby assign to the Plaintiff any and all rights, causes of action, both known and unknown that the Defendant may have or may acquire against Auto-Owners and/or any of its agents, successors, subsidiaries, parent companies, employees or any other person or entity responsible to provide coverage and a defense and good faith investigation settlement, claims handling and indemnification including such persons or entities who may have failed to timely investigate and settle for policy limits, including but not limited to any and all claims for coverage, fees, costs and interest under the insurance policy.  The Assignment shall be up to and including the

full amount of the Judgment agreed to here, plus any interest, costs or attorneys fees that may lawfully accrue thereon including any attorney fees and costs which Defendant, Teresa H. Alisi would otherwise have been entitled to recover from Auto-Owners and/or any of its agents, successors, subsidiaries, parent companies, employees or any other person or entity responsible by virtue of the bad faith during the pendency of the litigation brought by Plaintiff.

    4.    The Parties further agree that if the Plaintiffs are successful in their attempt to collect the judgment sums of $946,080.05, and $40,000 from Auto-Owners and/or any of its agents, successors, subsidiaries, parent companies, employees or any other person or entity responsible, then and only then, the Plaintiffs will execute a Satisfaction of Judgment and record such Satisfaction of Judgment in the Official Records of the Tenth Judicial Circuit in and for Polk County, Florida. Regardless of the results of the bad faith claim, once it is resolved and appellate rights exhausted, the Plaintiffs will execute a Satisfaction of

Judgment and record such Satisfaction of Judgment in the Official Records of the Tenth Judicial Circuit in and for Polk County, Florida.

5.    The Parties agree that they will execute and record covenants not to execute.

6.    The Parties respectively have reviewed the Florida Supreme Court case of *Rosen vs. Figa* and each agree that neither of them intend, by this agreement to, in any way, release or indemnify Auto-Owners and/or any of its agents, successors, subsidiaries, parent companies, employees or any other person or entity responsible.

7.    Each Party to this agreement represents to the other that they are entering into it freely and voluntarily after being fully advised as to the legal effect of this document by the respective attorneys. Moreover, the parties hereto stipulate to, and consent to jurisdiction for the bad faith claim anticipated herein to be vested in the same Court (Tenth Judicial Circuit in and for Polk County, Florida) and same case as the underlying case, waiving any rights (if any) to proceed in federal court.

IN WITNESS WHEREOF this 21ˢᵗ day of October, 2009.

WITNESS

WITNESS

DEFENDANT, Teresa H. Alisi

STATE OF FLORIDA        )
                        ) :SS
COUNTY OF               )

THIS DAY, personally appeared before me, the undersigned authority, _____, who, after being duly cautioned and sworn, states under oath that he/she has read the attached Settlement Agreement and Assignment and that he/she has set his/her hand thereto for the purposes therein expressed.

IN WITNESS WHEREOF I have hereunto set my hand and seal, this 21ˢᵗ day of October, 2009.

DL# A420-808-53-608-0

NOTARY PUBLIC, State of Florida

Martha J. Nicolette
Name of Notary typed, printed or stamped

My commission expires:
1/5/2013
Personally known to me

Produced identification: _____

MARTHA J. NICOLETTE
Notary Public - State of Florida
My Comm. Expires Jan 5, 2013
Commission # DD 830532
Bonded Through National Notary Assn.

_____  *Alicia Pettett*

**WITNESS**                                  Plaintiff, Alicia Pettett

_____

**WITNESS**

STATE OF FLORIDA        )
                                            ) :SS
COUNTY OF                    )

THIS DAY, personally appeared before me, the undersigned authority, _____, who, after being duly cautioned and sworn, states under oath that he/she has read the attached Settlement Agreement and Assignment and that he/she has set his/her hand thereto for the purposes therein expressed.

IN WITNESS WHEREOF I have hereunto set my hand and seal, this _10_ day of _November_, 2009.

_____

NOTARY PUBLIC, State of Florida
CHELSEA DAVIS
EXPIRES: July 31, 2010
1-800-3-NOTARY   FL Notary Discount Assoc. Co.

Name of Notary typed, printed or stamped

My commission expires: July 31, 2010

Personally known to me   Alicia Pettett

Produced identification: P330-013-73-726-0

Pettett v. Alisi
Case No.: 53-2005CA-004047-0000-00
Settlement Agreement & Assignment
Page 10 of 10

_____                    _____
WITNESS                                       Plaintiff, Shawn Pettett

_____
WITNESS

STATE OF FLORIDA          )
                          ) :SS
COUNTY OF                 )

     THIS DAY, personally appeared before me, the undersigned authority, _____, who, after being duly cautioned and sworn, states under oath that he/she has read the attached Settlement Agreement and Assignment and that he/she has set his/her hand thereto for the purposes therein expressed.

     IN WITNESS WHEREOF I have hereunto set my hand and seal, this ___10___ day of November , 2009.

_____
NOTARY PUBLIC, State of Florida

CHERYL A DAVIS
MY COMMISSION # DD849093
EXPIRES July 31, 2016
1-800-3-NOTARY    FL Notary Discount Assoc. Co.

_____
Name of Notary typed, printed or stamped

My commission expires: July 31, 2010
Personally known to me Shawn Pettett
Produced identification: P330·781·77·405·0